IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ISAAC CORTEZ BYNUM**, | Case No. 6:15-cv-311-AC |
| Petitioner, | **OPINION AND ORDER** |
| v. | |
| **JEFF PREMO**, | |
| Respondent. | |

Sohaye Lee, THE LAW OFFICE OF SOHAYE LEE, 621 SW Morrison St. Suite 1025. Of Attorneys for Petitioner.

Ellen F. Rosenblum, Attorney General, Nick M. Kallstrom, Assistant Attorney General, DEPARTMENT OF JUSTICE, 1162 Court Street NE, Salem, OR 97301-4096. Of Attorneys for Respondent.

**Michael H. Simon, District Judge.**

Petitioner has moved this Court under Rule 62.1 of the Federal Rules of Civil Procedure for an indicative ruling stating that a motion filed by Petitioner under Rule 60(b)(6) of the Federal Rules for Civil Procedure would raise a "substantial issue" that this Court would entertain if the Ninth Circuit remanded for that purpose. For the reasons stated below, the Court denies the motion.

**STANDARDS**

**A. Indicative Ruling**

Rule 62.1 of the Federal Rules of Civil Procedure provides:

PAGE 1 – OPINION AND ORDER

> (a) **Relief Pending Appeal**. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1(a). If a court states that it would grant the motion or that the motion raises a substantial issue, the movant must promptly notify the circuit clerk, and the Court of Appeals may then decide whether to remand for further proceedings. *See* Fed. R. Civ. P. 62.1(b); Fed. R. App. P. 12.1(a) & (b). As the Court has previously explained, when a party makes a "freestanding" motion under Rule 62.1 that contains sufficient argument on the merits of the intended underlying motion, the Court will infer the existence of the underlying motion. *Index Newspapers LLC v. City of Portland*, 2022 WL 72124, at *2 (D. Or. January 7, 2022).

**B.  Rule 60(b)**

Rule 60(b) governs reconsideration of "a final judgment, order, or proceeding" of the district court. That rule allows a district court to relieve a party from a final judgment, order, or proceeding for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time and, under subsections (1), (2), and (3), "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). The party making the Rule 60(b) motion bears the burden of proof. *See Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 383 (1992).

PAGE 2 – OPINION AND ORDER

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2020) (simplified); *see also Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1173 (9th Cir. 2017) (stating that "Rule 60(b) relief should be granted 'sparingly' to avoid 'manifest injustice' and *only* where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment" (emphasis in original) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993))); *Shalit v. Coppe*, 182 F.3d 1124, 1132 (9th Cir. 1999) (noting that "reconsideration is appropriate only in very limited circumstances"). "[M]otions for reconsideration are not the proper vehicles for rehashing old arguments and are not intended to give an unhappy litigant one additional chance to sway the judge." *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 670 (D. Nev. 2013) (alteration in original) (quoting *Cheffins v. Stewart*, 2011 WL 1233378, at *1 (D. Nev. Mar. 29, 2011)). A motion for reconsideration also "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *see also Shalit*, 182 F.3d at 1132 (finding no abuse of discretion by district court in denying a motion for reconsideration when movant offered no reason for failure to provide the evidence when litigating the underlying motion); *Rosenfeld v. U.S. Dep't of Justice*, 57 F.3d 803, 811 (9th Cir. 1995) ("The district court did not abuse its discretion in declining to consider an argument raised for the first time on reconsideration without a good excuse."); *Cachil Dehe Band of Wintun Indians of Colusa Indian Cnty. v. California*, 649 F. Supp. 2d 1063, 1069 (E.D. Cal. 2009) ("In the absence of new evidence or a change in the law, a party may not use a motion for reconsideration to raise arguments or present

PAGE 3 – OPINION AND ORDER

new evidence for the first time when it could reasonably have been raised earlier in the litigation." (citing *Carroll*, 342 F.3d at 945)).

## BACKGROUND

In 2004, Petitioner was found guilty of murder by abuse for the death of his two-year-old son and sentenced to a 25-year mandatory term of incarceration. Petitioner appealed his conviction, which was affirmed, and the Oregon Supreme Court denied review. Petitioner then filed a petition for post-conviction relief, which was denied, and the Oregon Supreme Court again denied review. On February 23, 2015, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus in this Court. In his *pro se* motion, Petitioner alleged several due process violations, including, "Fair trial denied when trial judge failed to question remaining medical reports being entered into trial court against Petitioner," and "Trial judge learned that child did not have a broken neck, yet failed to question reliability of all remaining medical evidence, and therefore, continued to allow Petitioner to be tried in prejudicial atmosphere." ECF 2 at 7.

After obtaining counsel, Petitioner filed a First Amended Petition for Writ of Habeas Corpus on August 3, 2015 (Amended Petition). The Amended Petition alleged ineffective assistance of counsel claims and due process violations for various reasons. Relevant to the pending motion, the Amended Petition did not include the claim alleged in Petitioner's *pro se* petition that he had been denied a fair trial due to unreliable medical evidence. On April 6, 2021, the Court issued an Order and Judgment denying habeas relief. ECF 71, 72. In its Order, the Court concluded that Petitioner's claims were without merit. The Court then noted that, although "claims that flawed scientific evidence tainted a Petitioner's trial, rendering the trial fundamentally unfair are cognizable in habeas," that claim was not alleged in Petitioner's Amended Petition, but only in his *inoperative pro se* petition. ECF 71. The Court did not consider the merits of any unraised claims. The Court did, however, grant Petitioner a certificate

PAGE 4 – OPINION AND ORDER

of appealability "to argue that the Court should nevertheless consider his apparently abandoned fundamentally unfair trial claim and, if the Court can consider that claim, whether [Petitioner] is entitled to relief on that claim." ECF 27.

On April 13, 2021, Petitioner filed a Notice of Appeal with the Ninth Circuit. ECF 72. Since then, the case has been pending on appeal before that court. On February 22, 2022, Petitioner filed the motion at issue, seeking an indicative ruling from this Court under Rule 62.1. ECF 75. Petitioner argues that his former habeas counsel's decision not to include the due process claim that this Court identified in its order constituted "gross negligence," and that he is therefore entitled to relief from this Court's judgment under Rule 60(b)(6). ECF 7-8.

## DISCUSSION

Within Petitioner's motion for an indicative ruling, Petitioner describes his motion under Rule 60(b)(6) for relief from final judgment. Recognizing that the Court does not currently have jurisdiction over a Rule 60(b)(6) motion, Petitioner seeks an indicative ruling under Rule 62.1 from this Court that Petitioner's Rule 60(b)(6) motion presents a "substantial issue" that this Court would entertain if the Ninth Circuit would remand for that purpose.

Respondent argues that reconsideration under Rule 60 is not appropriate. Respondent contends that even if the Court were to issue the requested indicative ruling and the Ninth Circuit were to remand, the Court does not have jurisdiction over Petitioner's Rule 60(b)(6) motion because it constitutes a second, or successive, habeas petition that requires permission from the Ninth Circuit. Petitioner's Rule 60 motion is based on the assertion that Petitioner's former counsel improperly abandoned a claim for relief and failed to raise the claim in the Amended Petition, and Respondent contends that such an assertion is not a basis for a Rule 60 motion but is instead considered a successive habeas petition. Petitioner responds the Court should grant the indicative ruling and let the parties fully brief this issue.

PAGE 5 – OPINION AND ORDER

In *Gonzalez v. Crosby*, the Supreme Court held that where a Rule 60(b) motion advances a "claim," the motion "is in substance a successive habeas petition and should be treated as such." 545 U.S. 524, 531 (2005). The Supreme Court in *Gonzales* defined a "claim" as "an asserted federal basis for relief from a state court's judgment of conviction." *Id.* at 530. It noted that, "[a] motion that seeks to add a new ground for relief . . . will of course qualify." *Id.* at 532. Adhering to *Gonzalez*, the Ninth Circuit has construed Rule 60(b)(6) motions that are similar in substance to Petitioner's Rule 60(b)(6) motion as second habeas petitions. *See Jones v. Ryan*, 733 F.3d 825 (9th Cir. 2013). In *Jones*, a habeas petitioner brought a Rule 60(b)(6) motion based on new claims of ineffective assistance of trial counsel and argued that his habeas counsel had improperly failed to raise them during the prior federal habeas proceedings. *Id.* at 832. The Ninth Circuit rejected the petitioner's argument that his Rule 60(b)(6) motion was valid under *Gonzalez* as an attack on "the integrity of the federal habeas proceedings," and explained that a Rule 60(b)(6) motion is proper only when it attacks the integrity of the federal habeas proceedings with respect "to the claims that were actually asserted in that proceeding." *Id.* at 836.

Petitioner argues that because his due process claim that he received an unfair trial due to flawed medical evidence was originally asserted in the proceeding in his *pro se* petition, this case is distinguishable from *Jones* and *Gonzalez*. Petitioner contends that his claim is that his attorney improperly *abandoned* a claim that was otherwise supported by evidence and argument asserted by counsel, versus failing to raise a *new* claim. Petitioner attempts to characterize his assertion that the unfair trial claim must now be allowed to be re-added to the case as a procedural issue. According to Petitioner, counsel's failure to include the claim in the Amended Petition constitutes a defect in the integrity of the federal habeas proceedings. The Ninth Circuit and

PAGE 6 – OPINION AND ORDER

Supreme Court, however, have foreclosed this argument. "'[A]n attack based on . . . habeas counsel's omissions' generally does not go to the integrity of the proceedings; rather, it is a disguised second or successive 28 U.S.C. § 2254 habeas corpus petition masquerading as a Rule 60(b) motion." *Jones*, 733 F.3d at 834-35 (first alteration added, second alteration in original) (quoting *Gonzalez*, 545 U.S. at 532 n. 5); *see also Gonzalez*, 545 U.S. at 532 n.5 (noting that "an attack based on . . . habeas counsel's omissions . . . ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably"). Therefore, Petitioner's proposed Rule 60(b)(6) motion is in substance a successive habeas petition and must be treated as such.

"Before filing a second or successive petition, a petitioner must file a motion in the appropriate court of appeals and obtain an order authorizing the district court to consider the petition." *Balbuena v. Sullivan*, 980 F.3d 619, 635 (9th Cir. 2020). "This requirement is jurisdictional." *Id.* There are statutory exceptions, *see* 28 U.S.C. § 2244(b)(2), but Petitioner does not argue that they apply in this case, and they do not appear to apply. Because Petitioner has failed to argue that the statutory exceptions apply and the Ninth Circuit has not authorized Petitioner to file a second or successive petition, Petitioner's Rule 60(b) motion is, in substance, an improper second habeas petition. It thus does not raise a substantial issue warranting the granting of an indicative ruling.

## CONCLUSION

The Court DENIES Petitioner's motion for an indicative ruling (ECF 75).

**IT IS SO ORDERED**.

DATED this 22nd day of April, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 7 – OPINION AND ORDER